Trew v. Wyman 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-287-CV

     SALLY TREW,
                                                                                              Appellant
     v.

     KIM WYMAN, ET AL.,
                                                                                              Appellees
 

From the 220th District Court
Bosque County, Texas
Trial Court # 89-11-24189-BCCV
                                                                                                    

O P I N I O N
                                                                                                    

      William Wyman died in 1985. He was survived by his wife, Kim Wyman, and two children
by a previous marriage, Bill Wyman and Sally Trew. The parties' dispute over the construction
of Wyman's will and the separate- and community-property characterization of his estate was
resolved by an Agreed Final Judgment in 1988.
      Under the agreed judgment, Kim Wyman received (1) a two-hundred acre homestead subject
to the debt on the home; (2) motor vehicles, furniture, furnishings, and personal effects; (3) her
community one-half of the remaining 428.3 acres of the Wyman Ranch, subject to a proportionate
share of the debt on the ranch; and (4) assets from the combined community- and separate-property
estates bringing the aggregate net value of Kim Wyman's share of the estate, based on date of
death values, to $1,200,000. The agreed judgment expressly provided that the $1,200,000 amount
"shall include any amounts of principal of the Estate previously distributed" to Kim Wyman. 
(Emphasis added). The agreed judgment also described a $300,000 bequest to the Kim Wyman
Trust and provided for the allocation of administration expenses. Furthermore, the agreed
judgment instructed the executor to make appropriate adjustments for the allocation of income
during the estate administration. Finally, the agreed judgment ordered the residuary to be divided
equally between the Bill Wyman Trust and the Sally Trew Trust.
      In 1989 Kim Wyman filed suit to declare the rights of the parties under the agreed judgment. 
Both Bill Wyman and Sally Trew filed counterclaims seeking a declaratory judgment, and the
executor requested a court-appointed auditor pursuant to Rule 172 of the Rules of Civil
Procedure.


 After the auditor filed his report, Kim Wyman filed her First Amended Petition,
seeking enforcement of the agreed judgment and distribution of the estate in accordance with the
auditor's report. Trew objected to the auditor's report because it allocated a portion of the income
on specific estate property to Kim Wyman. The trial court rendered judgment approving the
auditor's report and ordered distribution of the assets in accordance with the auditor's report. In
three points of error Trew contends that the trial court erred in awarding a proportionate share of
the estate income to Kim Wyman, arguing that the agreed judgment fixed her interest in the
combined community- and separate-property estates at $1,200,000.
      A family-settlement agreement is an alternative method of administration in Texas that is a
favorite of the law.


 Because a decedent's estate vests immediately in the beneficiaries of the
estate, they are free to arrange among themselves for the distribution of the assets and the payment
of expenses.


 Furthermore, when a judgment is entered by agreement of the parties to a family-settlement agreement, the agreed judgment controls the disposition and distribution of the estate.


 
As a result, Trew is bound by the terms of the Final Agreed Judgment.



      The primary assets available to bring Kim Wyman's share of the estate to $1,200,000 were
income-producing notes receivable identified as the Wagner notes. To satisfy the disposition and
distribution provisions of the agreed judgment, the auditor allocated 36.46432% of the Wagner
notes to Kim Wyman, 12.63954% of the Wagner notes to the Kim Wyman Trust, and divided the
remainder of the Wagner notes between the Bill Wyman Trust and the Sally Trew Trust. Because
the Wagner notes vested in the beneficiaries immediately upon Wyman's death, the respective
beneficiaries are entitled to any interest that their proportionate share of the Wagner notes
generated during the administration of the estate.


 Furthermore, the agreed judgment instructed
the executor to make appropriate adjustments for the allocation of income during the estate
administration, "based on the distributable amounts under this Agreement, as determined under
Texas law." Because the agreed judgment awarded $1,200,000 worth of assets, based on date of
death net values, to Kim Wyman, and instructed the executor to make appropriate adjustments for
the allocation of income during the estate administration, the auditor properly allocated a
proportionate share of the income earned on the Wagner notes during administration to Kim
Wyman. Accordingly, we overrule Trew's three points of error.
      We affirm the judgment.
 
                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed June 16, 1993
Do not publish